ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| ROLANDO L. HUERTAS RIVERA<br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br>Recurrido | KLRA202300039 | *Revisión Administrativa* procedente de la Administración de Corrección y Rehabilitación.<br><br>Caso Número: GMA500-499-22<br><br>Sobre: Cambio de tratamiento médico |
|---|---|---|

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa.

Ortiz Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de enero de 2023.

Comparece por derecho propio el señor Rolando L. Huertas Rivera (Sr. Huertas; recurrente) y solicita que revisemos la denegatoria de una *Solicitud de Reconsideración* emitida por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR) en el caso número GMA500-499-22.

Por los fundamentos que expondremos a continuación, adelantamos que se confirma la determinación recurrida sin trámite ulterior bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).[1]

**I**

El recurrente se encuentra confinado en la Institución correccional de Guayama 500, y presentó, el 14 de julio de 2012, una *Solicitud de Remedio Administrativo* ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR) identificada con el número de caso GMA500-499-22. Expuso que tuvo una cita médica el 7 de julio de 2022 con un doctor internista de la institución correccional de Guayama 500, quien le recordó al recurrente que tenía unas manchas negras en la piel que se le están regando por el cuerpo, y que otra

---

[1] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

doctora internista de Sabana Hoyos le dejó saber que se trataba de una bacteria en los intestinos a causa de la comida y agua. El Sr. Huertas reclamó que necesita un medicamento para evitar que su salud se siga deteriorando. La División de Remedios Administrativos del DCR emitió, el 30 de agosto de 2022, una *Respuesta* que dispuso lo siguiente:

> Le informamos que los medicamentos son recetados según el criterio clínico del médico. Si continua presentando las manchas que refiere, le orientamos a dialogar con su médico de cabecera, su inquietud relacionada a esta queja, en su próxima cita de seguimiento.

Inconforme, el 18 de octubre de 2022, el recurrente presentó una *Solicitud de reconsideración.* El 15 de diciembre de 2022, la División de Remedios Administrativos del DCR emitió una *Respuesta de Reconsideración al Miembro de la Población Correccional* que denegó la *Solicitud de Reconsideración* y determinó lo siguiente:

> Luego de evaluar la solcitud de reconsideración se determinó modificar la contestación suministrada por el Gerente de OPD.

> Sr. Huertas, los días 7 de julio y 3 de octubre de 2022 usted fue atendido por el Internista. Tiene una cita de seguimiento dentro de tres meses[.] De su expediente no hay evidencia que haya solicitado los servicios de "sick call". De esta forma recibirá la atención que se merece.

Aun inconforme, el Sr. Huertas recurre de dicha determinación mediante un escrito titulado *Moción apelativa* que se acoge como recurso de revisión judicial de determinación administrativa ante nuestra consideración.

**II**

Es norma asentada que las decisiones de los organismos administrativos merecen la mayor **deferencia judicial**, pues son estos los que cuentan con el conocimiento experto de los asuntos que les son encomendados. *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800, 821 (2012). Al momento de "revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad de la actuación de la agencia." *González Segarra et al. v. CFSE*, 188 DPR 252, 276 (2013). Luego, "[e]n caso de que exista más de una interpretación razonable de

los hechos, el tribunal debe sostener la que seleccionó la agencia, y no sustituir su criterio por el de ésta." *Pacheco v. Estancias*, 160 DPR 409, 432 (2003). A su vez, "[e]l expediente administrativo constituirá la *base exclusiva* para la decisión de la agencia en su procedimiento adjudicativo y para la revisión judicial ulterior. *Torres v. Junta Ingenieros*, 161 DPR 696, 708 (2004).

La Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme (LPAU), 3 LPRA sec. 9675, establece el alcance de la revisión judicial de una determinación administrativa, como sigue:

> El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.

Se ha pautado por el Tribunal Supremo de Puerto Rico que "los procesos administrativos y las determinaciones de hechos de las agencias est[á]n cobijados por una presunción de regularidad y corrección", por lo que "la revisión judicial se limita a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de la agencia o si ésta actuó de manera arbitraria, caprichosa o ilegal." *Vélez Rodriguez v. Administración de Reglamentos y Permisos*, 167 DPR 684, 693 (2006)

Es decir, **si quiere** prevalecer**,** *la parte recurrente está obligada a presentar la evidencia necesaria que permita, como cuestión de derecho, descartar la presunción de corrección de la determinación administrativa. Camacho Torres v. AAFET*, 168 DPR 66, 91 (2006). Se sabe que la revisión judicial de determinaciones administrativas ha de limitarse a evaluar si la agencia actuó de manera arbitraria, ilegal, irrazonable, o fuera del marco de los poderes que se le delegaron. *Torres v. Junta Ingenieros, supra*, a la pág. 708. En ese sentido, *la parte que recurre judicialmente* una decisión administrativa *tiene el peso de la prueba para*

*demostrar que las determinaciones de hechos no están basadas en el expediente o que las conclusiones a las que llegó la agencia son irrazonables. Rebollo Vda. de Liceaga v. Yiyi Motors*, 161 DPR 69, 77 (2004). La presunción de corrección de la decisión administrativa cederá en las siguientes circunstancias: (1) cuando no está basada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la aplicación de la ley, y (3) cuando ha mediado una actuación irrazonable o ilegal. *Otero v. Toyota*, 163 DPR 716, 729 (2005).

**III**

El Sr. Huertas reitera en su recurso que no se le ha atendido su condición e insiste en sugerir otros tratamientos para su condición. Luego de examinar el recurso y sus anejos, no hemos encontrado prueba que nos mueva a alterar la determinación del DCR. Conforme con lo intimado anteriormente, las determinaciones de hechos de las agencias administrativas gozan de una presunción de corrección que le corresponde derrotar a quien las impugna. Del expediente surge que el DCR atendió la solicitud de remedio del recurrente y su determinación es razonable y merece nuestra deferencia.

**IV**

Por los fundamentos que expresamos anteriormente, se confirma la determinación del DCR.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Candelaria Rosa disiente con la siguiente expresión: "Disiento por considerar que carecemos de jurisdicción porque al modificar la contestación corresponde al señor Huertas Rivera presentar una nueva Reconsideración que pueda ser contestada de forma final por el Coordinador".

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones